2 CIT/ESERVE  Case 3:15-cv-01934-C   Document 1-5   Filed 06/04/15    Page 1 of 11   PageID 12

FILED
DALLAS COUNTY
4/6/2015 11:48:32 AM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

NO. **DC-15-03887** _____

| | | |
|---|---|---|
| JAMES M. GOFF and CYNTHIA A. GOFF, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| V. | § § | |
| WILLIAM SCOTT PERT and OAKLEY TRUCKING (d/b/a and/or a/k/a OAKLEY TRUCKING, INC., and/or d/b/a and/or a/k/a BRUCE OAKLEY TRUCKING), | § § § § § § § | DALLAS COUNTY, TEXAS |
| Defendants. | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, Plaintiffs James Goff and Cynthia Goff, and file this Original Petition and Request for Disclosure, complaining of Defendants William Scott Pert and Oakley Trucking (d/b/a and/or a/k/a Oakley Trucking, Inc., and/or d/b/a and/or a/k/a Bruce Oakley Trucking) ("Oakley Trucking"), and allege as follows:

I.

## DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level III of Texas Rule of Civil Procedure 190.4 because they seek monetary relief aggregating more than $50,000, and request that the Court enter a Discovery Control Plan and place this case on Level III.

II.

## PARTIES

1. Plaintiff James Goff is a resident of Dallas County, Texas.

2. Plaintiff Cynthia Goff is a resident of Dallas County, Texas.

3. Defendant William Scott Pert is a resident of Fayette County, Iowa, and service of process may be had upon said Defendant by serving a citation on him at his residence, 702 Third Avenue SW, Oelwein, Iowa 50662, or wherever said Defendant may be found.

4. Defendant Oakley Trucking (d/b/a and/or a/k/a Oakley Trucking, Inc., and/or d/b/a and/or a/k/a Bruce Oakley Trucking) is a company located in Pulaski County, Arkansas who is engaged in commercial, transportation business in the State of Texas. Service of process may be had upon said Defendant by serving a citation on its President and Registered Agent, Dennis B. Oakley, at 3700

Lincoln Avenue, North Little Rock, Arkansas 72114, or wherever said Defendant may be found.

### III.

### VENUE AND JURISDICTION

1. Venue is proper in Dallas County pursuant to §15.001 *et seq.* of the Texas Civil Practice & Remedies Code because a substantial part of the actions or omissions giving rise to Plaintiffs' causes of action occurred in Dallas County, Texas.

2. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### IV.

### CLAIM FOR RELIEF

1. Plaintiff James Goff seeks monetary relief, in accordance with TEX. R. CIV. P. 47, of more than $1,000,000.

2. Plaintiff Cynthia Goff seeks monetary relief, in accordance with TEX. R. CIV. P. 47, of more than $1,000,000.

### V.

### FACTS

1. On or about January 14, 2015, at approximately 12:00 p.m., in Dallas County, Texas, Plaintiff James Goff was operating his Mitsubishi vehicle

westbound on U.S. Interstate 20, with his wife, Cynthia Goff, who was sitting as a front passenger in his vehicle.

2. At the time, Defendant William Pert, an employee of Oakley Trucking (d/b/a and/or Oakley Trucking, Inc. and/or d/b/a and/or Bruce Oakley Trucking), was driving a tractor and trailer westbound on U.S. Interstate 20 on behalf of his employer, and was positioned directly behind Plaintiffs' vehicle, in an adjacent lane. While not keeping a proper lookout or paying attention to his surroundings, Pert abruptly switched lanes, and slammed the front portion of his tractor into the rear portion of Plaintiffs' vehicle, causing Plaintiffs' vehicle to spin out-of-control and slam hard into a concrete shoulder barrier.

3. The failure of Defendants to use ordinary care in the operation of their tractor and trailer was a proximate cause of the wreck in question and Plaintiffs' resulting injuries and damages.

## VI.

## CAUSES OF ACTION AGAINST DEFENDANTS

1. Plaintiffs base their causes of action against said Defendants in part upon negligence or negligence *per se* as these terms are defined under the common law and statutes of Texas, and the doctrines of *respondeat superior* and *res ipsa loquitor* are invoked where applicable.

2. Plaintiffs would show the Court that violations of the local ordinances and statutory violations by Defendants, and the negligent acts and omissions of the Defendants, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiffs. The violations of local and state traffic laws constitute negligence *per se.* Said violations, negligent acts and omissions, by Defendants are, among others, as follows:

### Defendant William Pert

a. Defendant Pert failed to keep a proper lookout.

b. Defendant Pert failed to make such application of the brakes as a person using ordinary care would have made.

c. Defendant Pert failed to timely apply the brakes of his vehicle immediately prior to the collision in question.

d. Defendant Pert failed to down-shift or otherwise reduce the speed of his vehicle immediately prior to the collision in question.

e. Defendant Pert changed lanes on the occasion in question when it was unsafe to do so.

f. Defendant failed to signal his intent to change lanes.

g. Defendant failed to comply with federal and state standards and laws regarding the safe operation of a commercial vehicle.

h. Defendant Pert drove his vehicle at the time and on the occasion in question with willful and wanton disregard for the safety of others, in violation of the laws of the State of Texas, including Texas Transportation Code, Section 545.401.

### Defendant Oakley Trucking

    i.    Defendant Oakley Trucking entrusted its vehicle to Defendant William Scott Pert when it knew or should have known that Pert was an unlicensed, incompetent, or reckless driver.

2.    Plaintiff would show that Defendants' conduct, as set forth herein and otherwise, constituted negligence by acts or omissions, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiffs' damages resulting from the occurrence or injury in question.

3.    All conditions precedent to the filing of this lawsuit and in bringing said causes of action have been performed or have occurred.

## VII.

## DAMAGES FOR PLAINTIFF JAMES M. GOFF

1.    As a result of the incident described herein, Plaintiff James Goff has incurred medical expenses in the past as a result of his injuries and in all reasonable probability such medical expenses will continue in the future.

2.    Plaintiff James Goff has experienced physical pain and suffering in the past as a result of his injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of his physical injuries.

3.    Plaintiff James Goff has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff James Goff has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff James Goff has suffered lost wages and/or loss of earnings or earning capacity in the past as a result of this incident and in reasonable probability will sustain lost wages and/or loss of earnings or earning capacity in the future.

6. Plaintiff James Goff has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## VIII.

## DAMAGES FOR PLAINTIFF CYNTHIA S. GOFF

1. As a result of the incident described herein, Plaintiff Cynthia Goff has incurred medical expenses in the past as a result of his injuries and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff Cynthia Goff has experienced physical pain and suffering in the past as a result of her injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of her physical injuries.

3. Plaintiff Cynthia Goff has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff Cynthia Goff has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff Cynthia Goff has suffered lost wages and/or loss of earnings or earning capacity in the past as a result of this incident and in reasonable probability will sustain lost wages and/or loss of earnings or earning capacity in the future.

6. Plaintiff Cynthia Goff has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## IX.

## **CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiffs herein claims interest in accordance with Texas Finance Code §304.001 *et seq*.

## X.

## **JURY DEMAND**

Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial of this matter. Accordingly, Plaintiffs tendered the proper jury fee with the filing of Plaintiffs' Original Petition.

## XI.

## **NOTICE PURSUANT TO T.R.C.P. 193.7**

Plaintiffs provide notice to Defendants pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiffs may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XII.

## **REQUEST FOR INITIAL DISCLOSURE**

Pursuant to Rule 194, Texas Rules of Civil Procedure, Defendants are requested to disclose to Plaintiffs, within 50 days of service of this request, the information or material described in Rule 194.2 to be produced at the Turley Law Firm, 1000 Turley Law Center, 6440 North Central Expressway, Dallas, Texas 75206, during normal business hours.

The Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against Defendants for damages described herein, for costs of suit,

prejudgment and post-judgment interest permitted by law, and for such other relief to which Plaintiffs may be justly entitled.

    Respectfully submitted,

    TURLEY LAW FIRM

    /s/ Steven S. Schulte
    Steven S. Schulte
    State Bar No. 24051306
    6440 North Central Expressway
    1000 Turley Law Center
    Dallas, Texas 75206
    Telephone No. 214/691-4025
    Telecopier No. 214/361-5802
    Email: stevens@wturley.com

    ATTORNEY FOR PLAINTIFFS

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____    **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** James M. Goff and Cynthia Goff vs William Scott Pert et al
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Steven S Schulte
**Email:** stevens@wturley.com
**Address:** 1000 Turley Law Center ~~6440 N. Central Exprway~~
**Telephone:** 214/691-4025
**City/State/Zip:** Dallas, Texas 75206
**Fax:** 214/361-5802
**Signature:** /s/ Steven S. Schulte
**State Bar No:** 24051306

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): James Goff et al
Defendant(s)/Respondent(s): William Scott Pert et al

**Person or entity completing sheet is:**
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Injury or Damage:**
[X] Motor Vehicle Accident

### Family Law
(none selected)

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
(none selected)

## 4. Indicate damages sought (do not select if it is a family law case):
(none selected)

Rev 2/13